UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| HERBERT CARTER IV, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | CV416-029 |
| | ) | CR413-112 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# ORDER

Herbert Carter has filed a self-styled "Motion for Relief Pursuant to *Giglio v. United States*," seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Doc. 39.[1]

The federal courts have long made available to jails and prisons specific forms for filing habeas and civil rights cases. In *Williams v. Freesemann*, 2015 WL 6798946 (S.D. Ga. Oct. 15, 2015), this Court noted that some inmate-litigants bypass those forms in favor of "home-brewed" filings. Adverse factors can motivate that effort. The Court's forms force inmates to answer questions aimed at capturing things like

---

[1] The Court is citing to the criminal docket in CR614-023 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

28 U.S.C. § 1915(g) strikes and repeat (*e.g.*, successive writ) habeas filings. *See, e.g., Bright v. Corizon Health Corp.*, 2015 WL 9257155 at * 1 (S.D. Ga. Dec. 18, 2015) ("Bright's incentive to omit his prior case information is strong because of the § 1915(g) three-strike bar."). "Home-brewers" typically omit those prophylactic questions from their filings.

The Clerk is therefore **DIRECTED** to send Carter a § 2255 form petition. Within 30 days after the Clerk serves movant with a copy of this Order and the form petition, he must re-file both the petition and any supporting memorandum of law explaining his entitlement to relief from his conviction. If Carter fails to respond within 30 days of service of this Order, the case will be recommended for dismissal on abandonment grounds.

**SO ORDERED,** this __31st__ day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA